IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAO GROUP, INC.<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A,"<br><br>    Defendants. | Case No. 1:24-cv-1211<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeannice W. Appenteng<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT OF EMERGENCY OPPOSED
MOTION TO MODIFY TEMPORARY RESTRAINING ORDER**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
I.   INTRODUCTION ........................................................................................................... 1
II.   STATEMENT OF FACTS .............................................................................................. 3
    A.   GD-Whitening Is a Legitimate Competitor in the U.S. Market for Teeth Whitening Strips............................................................................................................................ 3
    B.   CAO Never Notified GD-Whitening of Any Believed Infringement and Instead Filed a Secret Complaint and Motion to Prevent GD-Whitening from Providing Its Position to the Court. ................................................................................................................... 4
    C.   The Asset Freeze and CAO's Motion for Entry of a Temporary Restraining Order ........ 5
III.   LEGAL STANDARD...................................................................................................... 6
IV.   ARGUMENT ................................................................................................................... 7
    A.   CAO Group Is not Entitled to an Asset Freeze as a Matter of Law. ................................ 7
        1.   Supreme Court precedent prohibits asset freezes for utility patent infringement because the claims lack an equitable basis for money damages. .......................... 7
        2.   The unjust enrichment claim has no likelihood of success due to preemption by federal patent law and thus cannot supply an alternative basis for an asset freeze. .................................................................................................................... 8
    B.   CAO Failed to Establish an Asset Freeze Was Proper Under the Facts of This Case. ... 10
    C.   GD-Whitening Should Alternatively Be Allowed to Place a Defined Amount in Escrow After CAO Is Forced to Quantify Its Alleged Damages. ............................................... 11
V.   CONCLUSION ............................................................................................................. 13

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*ABC Products v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on the Attached Schedule A*,
   No. 23 C 4131, 2024 WL 1549784 (N.D. Ill. Jan. 9, 2024) ....................................................... 8

*Abrasic 90 Inc. v. Weldcote Metals, Inc.*,
   364 F. Supp. 3d 888 (N.D. Ill. 2019) ................................................................................... 3, 8

*Amgen Inc. v. Sandoz Inc.*,
   877 F.3d 1315 (Fed. Cir. 2017) ............................................................................................... 9

*Auto Driveaway Franchise Sys., LLC v. Corbett*,
   No. 18 CV 4971, 2018 WL 10127101 (N.D. Ill. Oct. 26, 2018) ........................................ 1, 11

*CAA Indus., Ltd. v. Recover Innovations, Inc.*,
   No. 2:22-CV-00581-GMN-EJY, 2023 WL 3724174 (D. Nev. May 26, 2023) ....................... 9

*Cantero v. Bank of Am., N.A.*,
   49 F.4th 121 (2d Cir. 2022) ................................................................................................... 12

*Checker Car Club of Am., Inc. v. Fay*,
   262 F. Supp. 3d 621 (N.D. Ill. 2017) ...................................................................................... 7

*Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*,
   496 F.3d 769 (7th Cir. 2007) ................................................................................................. 12

*CSC Holdings, Inc. v. Redisi*,
   309 F.3d 988 (7th Cir. 2002) ................................................................................................... 8

*Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Sch. A*,
   No. 13 C 07621, 2013 WL 12314399 (N.D. Ill. Oct. 31, 2013) ........................................ 8, 12

*E-Link Tech. Co. v. Shenzhen Uni-Sun Elecs. Co.*,
   No. 20 C 00247, 2020 WL 8079816 (N.D. Ill. May 14, 2020) ............................................. 12

*Emseal Joint Sys., Ltd. v. Schul Int'l Co., LLC*,
   No. 14-CV-358-SM, 2018 WL 3733939 (D.N.H. Aug. 6, 2018) ............................................ 9

*Face Apparel Corp. v. TC Fashions, Inc.*,
   No. 05 CIV. 9083 (RMB), 2006 WL 838993 (S.D.N.Y. Mar. 30, 2006) .............................. 12

*Gao v. Partnerships & Unincorporated Associations Identified on Schedule "A"*,
 No. 21-CV-4055, 2022 WL 1028926 (N.D. Ill. Apr. 4, 2022) .................................................. 9

*Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423 (1974) ............................................................................................ 6

*Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*,
 527 U.S. 308 (1999) ............................................................................................... passim

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
 153 F.3d 1318 (Fed. Cir. 1998) ............................................................................................ 9

*Kelly v. Lightfoot*,
 No. 22-CV-4533, 2022 WL 4048508 (N.D. Ill. Sept. 2, 2022) ................................................ 9

*LG Elecs., Inc. v. P'ships & Unincorporated Associations Identified in Schedule A*,
 No. 21-CV-2600, 2021 WL 8315935 (N.D. Ill. July 23, 2021) ................................................ 8

*Oakley, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*,
 No. 21 C 536, 2021 WL 308882 (N.D. Ill. Jan. 30, 2021) ...................................................... 2

*Savis, Inc. v. Cardenas*,
 No. 18-cv-6521, 2018 WL 5279311 (N.D. Ill. Oct. 24, 2018) ................................................. 6

*Tavory v. NTP, Inc.*,
 297 F. App'x 976 (Fed. Cir. 2008) ........................................................................................ 9

*Zorro Prods., Inc. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule* A Hereto,
 No. 23-CV-5761, 2023 WL 8807254 (N.D. Ill. Dec. 20, 2023) .............................................. 7

Statutes

35 U.S.C. § 271 .................................................................................................................. 10
35 U.S.C. § 283 .................................................................................................................... 7
35 U.S.C. § 299 .................................................................................................................... 2

Rules

Fed. R. Civ. P. 65(b)(4) ..................................................................................................... 3, 6

iii

I.  **INTRODUCTION**

Plaintiff CAO Group, Inc. ("CAO") obtained an *ex parte* temporary restraining order ("TRO"), which, among other things, prohibited Defendant[1] GD-Whitening from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" ECF No. 26, ¶¶ 2, 6.

To support its claim for this extraordinary remedy, CAO submitted only a three-page declaration from its own attorney that broadly claimed, based on the attorney's "experience in combating online infringement,"[2] all Defendants[3] "***may*** disregard their responsibilities and fraudulently transfer financial assets to overseas accounts before a restraint is ordered" unless an asset-restraint order is granted by the Court. ECF No. 24-1, ¶ 5; ECF No. 24 at 13 (emphasized). CAO did not establish any evidence to show GD-Whitening itself was likely to fraudulently transfer financial assets. The submitted declaration instead makes only unsubstantiated allegations that all defendants ***may*** do so. This alone is reason to modify the TRO to remove the asset freeze. *Auto Driveaway Franchise Sys., LLC v. Corbett*, No. 18 CV 4971, 2018 WL 10127101, at *5 (N.D. Ill. Oct. 26, 2018), *aff'd in part and remanded sub nom. Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670 (7th Cir. 2019) (denying asset freeze and finding "such an 'extraordinary' remedy is not appropriate where supported only by 'unsubstantiated allegations that a defendant may dissipate assets.'") (quoting *Grupo Mexicano de Desarrollo S.A.*

---

[1] zhuhai jiashu dianzishangwu youxiangongsi, which does business as "GD-Whitening." Ex. A (Declaration of Lei Yang) ¶ 3. GD-Whitening was previously known as GD-SSS.
[2] The declaration notably does not explain what experience supports these opinions.
[3] GD-Whitening is currently unaware of what other Defendants are named in this case. Although it has requested a copy of the Schedule A, CAO has refused or otherwise failed to provide that information.

1

*v. All. Bond Fund, Inc.*, 527 U.S. 308, 340 (1999) (Ginsburg, J., concurring).

CAO's pursuit of the asset freeze is nothing more than a transparent attempt to wield extortive settlement leverage before any meaningful attempt to substantiate its infringement claims in this case. CAO's goal is simple: extract settlement payments from dozens, perhaps hundreds[4] of defendants who have had entire accounts of business funds held hostage by CAO's pursuit of *ex parte* relief. And CAO offers no evidence demonstrating that it attempted to purchase and analyze any physical samples of GD-Whitening's products (despite their availability for less than $20) before requesting this extraordinary and drastic relief of an asset restraint—"**the nuclear weapon of the law**"—which the Supreme Court has acknowledged "would manifestly be susceptible of the grossest abuse." *Grupo Mexicano de Dearrollo S.A.*, 527 U.S. at 329–330 (internal citations and quotations omitted).

By way of this Motion, GD-Whitening seeks to modify the TRO to eliminate the asset freeze provisions.[5] Supreme Court precedent firmly establishes an asset restraint remedy is ***not***

---

[4] CAO has failed to show joinder is proper under 35 U.S.C. § 299, and offers only "conclusory allegations, on information and belief, that the defendants are interrelated and working in active concert." *See Oakley, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 21 C 536, 2021 WL 308882, at *2 (N.D. Ill. Jan. 30, 2021) (ordering plaintiff to show cause why its patent infringement case should not be dismissed when plaintiff had not met its burden under 35 U.S.C. § 299) (internal quotations omitted). Defendant will fully address the joinder issue when Schedule A and Exhibit 3 to the Amended Complaint are unsealed or otherwise provided to the Defendant. Although Defendant's counsel has requested this information, Plaintiff's counsel has refused to provide it. Ex. B (Declaration of D. Taylor), ¶ 4

[5] GD-Whitening disputes the entry of any temporary restraining order was proper in this matter and intends to oppose the entry of any injunction. For example, CAO failed to show a substantial likelihood of success on the merits of its patent infringement claims. Indeed, CAO failed to allege how the accused products practice each limitation of an asserted patent claim. Given the urgency and irreparable injury GD-Whitening suffers from the unreasonable asset restraint, however, this Motion only seeks to modify or dissolve the asset restraint portions of the TRO. If CAO moves for a preliminary injunction to continue the full scope of relief provided by the TRO, GD-Whitening intends to oppose the full scope of any request for continued injunctive relief beyond the expiration of the TRO.

available for claims that can only provide money damages through a legal remedy. Utility patent infringement is this exact type of claim. While CAO does assert an unjust enrichment claim under state law, the claim is preempted by federal patent law and must be disregarded in connection with the TRO since a preempted claim presents no likelihood of success on the merits. *See, e.g.*, *Abrasic 90 Inc. v. Weldcote Metals, Inc.*, 364 F. Supp. 3d 888, 896 (N.D. Ill. 2019) (denying request for preliminary injunction based on state law claims that were "unlikely to succeed as they are preempted" by the relevant federal statutes).

Accordingly, GD-Whitening respectfully requests the Court modify the TRO to dissolve Paragraphs 2 and 6 as to each of GD-Whitening's financial accounts. If the Court is unwilling to dissolve the asset freeze as to GD-Whitening's accounts, GD-Whitening alternatively asks the Court to unfreeze GD-Whitening's assets and permit GD-Whitening to place a reduced amount of funds in escrow after requiring CAO to quantify its alleged damages associated with sales of GD-Whitening's allegedly infringing products since the current asset freeze also restrains funds associated with **non-accused** products that are not at issue in this case.

On Friday, April 12, 2024, counsel for GD-Whitening contacted CAO's counsel to provide two-days' notice of this Motion pursuant to Fed. R. Civ. P. 65(b)(4) and to seek CAO's position on this Motion. Ex. B, ¶ 6. CAO responded on April 15, 2024, to confirm it opposed this motion. *Id.*, ¶ 7.

**II.  STATEMENT OF FACTS**

   **A.  GD-Whitening Is a Legitimate Competitor in the U.S. Market for Teeth Whitening Strips.**

Defendant GD-Whitening[6] operates a legitimate business which has sold high-quality teeth

---

[6] GD-Whitening previously operated under the name GD-SSS but changed its name in November 2023. CAO acknowledged the name change in its claim chart for "Defendant No. 8." Ex. 1 to Ex. B at 1 n.1.

3

whitening strips to customers in the United States under the "Gloridea" brand and other personal care products through the Amazon platform and other sales channels since 2021. Ex. A, ¶¶ 4, 9. GD-Whitening's products are highly rated through customer reviews and have attained recognition such as the "Amazon's Choice" distinction on the Amazon platform. *Id.* Before this lawsuit, GD-Whitening had never been accused of patent or other intellectual property infringement, by CAO or otherwise. *Id.*, ¶ 5.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████ *Id.*, ¶ 10.

Moreover, the frozen assets include revenue from the sale of products that are not at issue in this case (and are not similar products that could even be accused of infringement). *Id.*, ¶ 8.

**B.  CAO Never Notified GD-Whitening of Any Believed Infringement and Instead Filed a Secret Complaint and Motion to Prevent GD-Whitening from Providing Its Position to the Court.**

CAO never notified GD-Whitening that CAO believed GD-Whitening infringed its intellectual property rights. Ex. A, ¶ 5. (Had it done so, GD-Whitening could have explained why any such claims were patently false.) CAO instead filed a secret complaint on February 12, 2024, and then filed another secret amended complaint on March 22, 2024. ECF Nos. 1, 17. The unsealed versions of both the Complaint and FAC include extensive redactions and prevent the public from ascertaining virtually any details regarding the defendants, the asserted patents (including even the asserted patent number), or CAO's infringement allegations. *See generally id.* Additionally, most of the exhibits to the Complaint and FAC, as well as Schedule A, remain under seal at CAO's request. *See id.*; *see also* ECF Nos. 3, 12, 18, 22. While GD-Whitening was able to obtain a subset of the sealed materials from CAO's counsel on April 5, 2024, GD-Whitening did not receive all

4

the materials relevant to CAO's infringement allegations until its counsel provided an unredacted copy of the FAC on April 9, 2024—two months after CAO first filed the complaint and thirteen days after the Court granted CAO's secret request to freeze the assets of GD-Whitening. Ex. B, ¶¶ 3-4.

CAO's claim charts rely exclusively on images from product listings on Amazon and confirm CAO made no attempt to even purchase and analyze physical samples of GD-Whitening's products, which could have been obtained for less than twenty (20) U.S. dollars (plus shipping). *See* Ex. 1 to Ex. B.

### C. The Asset Freeze and CAO's Motion for Entry of a Temporary Restraining Order

On March 22, 2024, CAO filed its Motion for TRO, which included a request for an asset restraint. ECF Nos. 23, 24. CAO argued that the asset restraint "will ensure Defendants' compliance" in connection with "Plaintiff's right to an equitable accounting of Defendants' profits from Unauthorized Product sales." ECF No. 24 at 15[7]. CAO did not identify its unjust enrichment claim (*see* ECF No. 17 at ¶¶ 63-74) as the basis for the asset freeze or otherwise discuss the unjust enrichment claim anywhere in its Motion. *See generally*, ECF No. 24. Instead, CAO explicitly argued that "Plaintiff has shown a strong likelihood of succeeding on the merits of its **patent infringement** claim" when requesting the asset freeze. ECF No. 24 at 15 (emphasis added).

To support the asset restraint, CAO provided the following speculative assertions, each provided either solely through attorney argument[8] or upon information and belief:

---

[7] Citations to page numbers of ECF-numbered documents herein refer to the page numbering identified in the ECF header stamp as opposed to the pagination at the bottom of each page.

[8] CAO's counsel has used these same statements, verbatim, in at least several of the dozens of Schedule A cases the firm has filed on behalf of other clients in this district. *See, e.g.*, *Shenzhen Shining Bright Technology Co. Ltd v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A*, No. 1:23-cv-17065 (N.D. Ill. Dec. 28, 2023), ECF No. 12 at 12-13; *Motennas, LLC v. The Individuals, Corporations, Limited*

- "Defendants *may* disregard their responsibilities and fraudulently transfer financial assets to overseas accounts[.]" ECF No. 24 at 15 (emphasis added).

- "[U]pon information and belief, the Defendants in this case hold most of their assets in offshore accounts, making it easy to hide or dispose of assets[.]" *Id.*

- "[B]arring Defendants' assets being frozen, Defendants will likely hide or move their ill-gotten funds to offshore accounts." *Id.* at 15-16.

On March 26, 2024, the Court issued the Sealed Temporary Restraining Order, which ordered, in part, an asset restraint via Paragraphs 2 and 6 of the TRO. ECF No. 26 at 3. A Motion to Extend the TRO was granted on April 9, 2024, extending the TRO until April 23, 2024. ECF No. 31.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil 65(b)(4), a party subject to a TRO may appear and move to dissolve or modify the order on two days' notice to the party who obtained the order. *See* Fed. R. Civ. P. 65(b)(4). Federal jurisprudence imposes "stringent restrictions" on the availability of *ex parte* TROs since TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 248-39 (1974).

A TRO is "an extraordinary and drastic remedy, which should not be granted unless the movant carries the burden of persuasion by a clear showing." *Savis, Inc. v. Cardenas*, No. 18-cv-

---

*Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A*, No. 1:23-cv-16058 (N.D. Ill. Nov. 28, 2023), ECF No. 13 at 13; *Hong Kong Xingtai International Trade Co. LTD. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A*, No. 1:23-cv-15481 (N.D. Ill. Nov. 17, 2023), ECF No. 21 at 13.

6

6521, 2018 WL 5279311, at *8 (N.D. Ill. Oct. 24, 2018) (internal quotations omitted). A TRO requires the movant to make a clear showing that three conditions are met: "(1) that the movant has some likelihood of success on the merits of the underlying litigation; (2) irreparable harm to the plaintiff; and (3) no adequate remedy at law exists." *Checker Car Club of Am., Inc. v. Fay*, 262 F. Supp. 3d 621, 626 (N.D. Ill. 2017) (internal quotations omitted). If all three conditions are satisfied, "the Court must balance the harm to the movant if the injunction is not issued against the harm to the defendant if it is issued improvidently and consider the interest of the public in whether the injunction is to be granted or denied." *Id.* (internal quotations omitted).

## IV. ARGUMENT

### A. CAO Group Is not Entitled to an Asset Freeze as a Matter of Law.

The asset freeze should be lifted because it is not a proper remedy in a utility patent case. Moreover, Plaintiff's claim for unjust enrichment should be disregarded for the asset freeze because it relies on the same alleged tortious conduct as the patent infringement claim and is undeniably preempted under federal patent law.

    1. <u>Supreme Court precedent prohibits asset freezes for utility patent infringement because the claims lack an equitable basis for money damages.</u>

"The Supreme Court has made clear that courts lack the power to issue an asset freeze at the beginning of a case, unless that party is seeking equitable monetary relief." *Zorro Prods., Inc. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 23-CV-5761, 2023 WL 8807254, at *4 (N.D. Ill. Dec. 20, 2023) (citing *Grupo Mexicano de Desarrollo S.A.*, 527 U.S. 308. The patent infringement claims asserted in this action—which seek legal remedies of damages and injunctive relief under 35 U.S.C. § 283–84—do not provide a basis for this Court to order an asset freeze because "a district court may not issue an injunction freezing assets in an action for money damages where no

7

equitable interest is claimed." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (citing *Grupo Mexicano de Desarrollo, S.A.*, 527 U.S. at 333); *see also Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A,* No. 13 C 07621, 2013 WL 12314399, at *1 (N.D. Ill. Oct. 31, 2013) (explaining "district courts generally do *not* have the authority to preliminary restrain assets where a plaintiff seeks a money judgment" but noting exception "where an equitable remedy is sought") (emphasis in original).

Courts in this district have declined to order asset freezes in similar cases because equitable remedies are not available in the patent context. *See ABC Products v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on the Attached Schedule A*, No. 23 C 4131, 2024 WL 1549784, at *5–6 (N.D. Ill. Jan. 9, 2024) (declining to enforce an asset freeze in a utility patent case because the patent statute did not allow the equitable relief plaintiff sought)[9]; *LG Elecs., Inc. v. P'ships & Unincorporated Associations Identified in Schedule A*, No. 21-CV-2600, 2021 WL 8315935, at *3 (N.D. Ill. July 23, 2021) (declining to re-issue an asset freeze because accounting and profits were not available remedies in the patent context). Here, the asset freeze should be lifted because the equitable remedy of restitution is not available under federal patent law.

        2.    <u>The unjust enrichment claim has no likelihood of success due to preemption by federal patent law and thus cannot supply an alternative basis for an asset freeze.</u>

CAO's Illinois common law unjust enrichment claim is preempted by federal patent law and should be disregarded for the asset freeze because a preempted claim presents no likelihood of success. *See, e.g.*, *Abrasic 90 Inc.*, 364 F. Supp. 3d at 896 (denying request for preliminary

---

[9] CAO's counsel in this matter also represented the plaintiff in the *ABC Products* case. Thus, on information and belief, CAO, or at the very least its counsel, is abundantly aware that it should not have requested an asset freeze based on utility patent infringement claims.

injunction based on state law claims that were "unlikely to succeed as they are preempted" by the relevant federal statutes). And CAO's failure to make a clear showing of likelihood of success is fatal to its requested relief. *See, e.g.*, *Kelly v. Lightfoot*, No. 22-CV-4533, 2022 WL 4048508, at *2 (N.D. Ill. Sept. 2, 2022) (movant's failure on the "likelihood of success on the merits" factor is "dispositive"); *Gao v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 21-CV-4055, 2022 WL 1028926, at *2–3 (N.D. Ill. Apr. 4, 2022) (explaining "likelihood of success factor" is "critical" and that court may deny a motion for a preliminary injunction if a party fails to establish this factor). Federal Circuit construction of patent law is applied to questions of "whether and to what extent patent law preempts or conflicts with other causes of action." *Amgen Inc. v. Sandoz Inc.*, 877 F.3d 1315, 1325–26 (Fed. Cir. 2017). "[I]f a plaintiff bases a tort action on conduct that is protected or governed by federal patent law, then plaintiff may not invoke state law remedy, which must be preempted for conflict with federal patent law. *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998), *overruled on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999).

Indeed, "[a]n unjust enrichment claim is preempted by federal patent law when it conflicts with 'the accomplishment and execution of the full purposes and objectives of Congress.'" *Tavory v. NTP, Inc.*, 297 F. App'x 976, 982–83 (Fed. Cir. 2008) (stating the plaintiff cannot sidestep § 262 regarding joint owners of a patent through a state law unjust enrichment claim and that such a claim is preempted) (internal citations omitted); *see also CAA Indus., Ltd. v. Recover Innovations, Inc.*, No. 2:22-CV-00581-GMN-EJY, 2023 WL 3724174, at *3 (D. Nev. May 26, 2023) (finding unjust enrichment preempted by patent law because "the gravamen of the claim is Defendant unjustly benefited from infringing on Plaintiff's intellectual property"); *Emseal Joint Sys., Ltd. v. Schul Int'l Co., LLC*, No. 14-CV-358-SM, 2018 WL 3733939, at *3 (D.N.H. Aug. 6, 2018)

9

("While benefits derived from infringing conduct are always 'unjust' in a general sense, here the unjust character derives from the alleged infringement. If defendants did not infringe plaintiff's patents, plaintiff's unjust enrichment claim would of course fail as it is tied to the alleged infringement.") In the instant case, the preemption analysis is straightforward.

CAO's unjust enrichment claim is undeniably preempted because the only alleged tortious conduct in Count IV of the Amended Complaint is alleged patent infringement. Focusing on the alleged tortious conduct, the unjust enrichment claim blatantly relies on the exact same actions as CAO's claims for patent infringement. *See, e.g.*, ECF No. 19 at ¶¶ 67, 74. For example, paragraph 67 of the FAC alleges: "Defendants traded upon Plaintiff's good will, reputation, research, and development **by selling products which infringed upon Plaintiff's Patents**." ECF No. 19 at ¶ 67 (emphasis added). Paragraph 74 similarly relies on the alleged patent infringement stating: "Defendants have been unjustly enriched because they have denied Plaintiff access to customers it would have otherwise had by participating in what should have been Plaintiff's exclusive market **by selling products directly to consumers, products which infringed Plaintiff's Patents**…" *Id.* at ¶ 74 (emphasis added). These allegations fall squarely within the statutory definition of patent infringement. *See* 35 U.S.C. § 271("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."). Thus, Plaintiff's unjust enrichment claim is merely a patent infringement claim in sheep's clothing, which is preempted by federal patent law and does not provide a proper equitable basis for the asset freeze because there can be no likelihood of success on the merits of a claim that is blatantly preempted.

> **B.     CAO Failed to Establish an Asset Freeze Was Proper Under the Facts of This Case.**

"Under standards governing preliminary injunctive relief generally, a plaintiff must show

10

a likelihood of success on the merits and irreparable injury in the absence of an injunction." *Grupo Mexicano de Desarrollo S.A.*, 527 U.S. at 340 (Ginsburg, J., concurring). The United States Supreme Court was clear: "The irreparable injury requirement would not be met by unsubstantiated allegations that a defendant may dissipate assets." *Id.* at 340.

Yet that is exactly what CAO has offered in this case. In support of its finding that "Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts," the TRO Order ███████████████████ ███████████████████████████████████████████████████████ ███████. ECF No. 26 at 2.

These paragraphs offer nothing more than conclusory allegations that Defendants—collectively, without taking any effort to identify how GD-Whitening specifically is performing any of these actions—are causing a parade of horribles, including ███████████████████ ███████████████████ *See, e.g.* ECF No. 19 at ¶ 33. ███████████████████ ███████████████████████████████████████████████████████ ███████████████████████████ This alone is reason to modify the TRO to lift the asset freeze. *Auto Driveaway Franchise Sys., LLC*, 2018 WL 10127101 at *5 (denying asset freeze and finding "such an 'extraordinary' remedy is not appropriate where supported only by 'unsubstantiated allegations that a defendant may dissipate assets.'") (quoting *Grupo Mexicano de Desarrollo S.A.*, 527 U.S. at 340)).

C. **GD-Whitening Should Alternatively Be Allowed to Place a Defined Amount in Escrow After CAO Is Forced to Quantify Its Alleged Damages.**

For at least the reasons set forth above, the asset freeze is an entirely improper remedy for

---

[10] Notably absent from the declaration is any statement establishing what experience, if any, the declarant has "combatting online infringement" or with the specific practices of foreign entities who hide their assets.

11

CAO to have sought in connection with this utility patent infringement case. At the very least, however, the asset freeze should be lifted since it is overbroad and improperly restrains assets derived from past and ongoing sales of **non-accused** products. *See, e.g.*, *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 496 F.3d 769, 772 (7th Cir. 2007) ("Injunctions should be tailored to the violation"); *E-Link Tech. Co. v. Shenzhen Uni-Sun Elecs. Co.*, No. 20 C 00247, 2020 WL 8079816, at *3 (N.D. Ill. May 14, 2020) (modifying asset freeze where "restraining all funds received by the Amazon accounts, in light of the relatively small proportion due to the alleged infringing sales, is disproportionately onerous"). These non-accused products are categorically different products than the teeth whitening strips at issue in this case, ***i.e. these are non-accused products that are not teeth whitening strips***. Ex. A, ¶ 9; *see also Deckers Outdoor Corp.*, 2013 WL 12314399, at *2 (noting that when an asset restraint is "too broad, the defendants may file challenges to the scope of the TRO by submitting evidence that some or all of the money has other sources").

Accordingly, GD-Whitening should be permitted to place in escrow[11] the amount of potential damages, provided that CAO first quantifies its alleged damages so that GD-Whitening may ascertain the appropriate amount of funds to place in escrow. This would ensure that the TRO has not improperly retrained assets that bear no relation to the alleged infringement in this case. *See, e.g.*, *N. Face Apparel Corp. v. TC Fashions, Inc.,* No. 05 CIV. 9083 (RMB), 2006 WL 838993, at *3 (S.D.N.Y. Mar. 30, 2006) ("The Court may 'exempt any particular assets from the freeze on the ground that they [are] not linked to the profits[12] of allegedly illegal activity.'") (modification

---

[11] Escrow accounts are widely recognized as reliable means to secure and maintain funds that may be ultimately owed to another. *See generally Cantero v. Bank of Am., N.A.*, 49 F.4th 121, 135 (2d Cir. 2022), *cert. granted sub nom.*, 144 S. Ct. 324, 2023 WL 6780369 (2023).
[12] It is worth noting that the *N. Face Apparel* decision is addressing an accounting of ***defendants' profits***, which is an equitable remedy that can form the basis of an asset freeze. As discussed in

in original).

## V. CONCLUSION

For at least the foregoing reasons, Defendant GD-Whitening respectfully requests that the Court modify the TRO to dissolve the asset restraint provisions of Paragraphs 2 and 6 as to Defendant GD-Whitening. *See* ECF No. 26 at 3 (¶ 2), 5-6 (¶ 6).

---

Section IV.A.1.a, there is no equitable accounting of a defendant's profits available for utility patent infringement claims. Thus, while courts can modify an asset freeze to reduce the amount of assets that are frozen, there must still be an equitable remedy available that entitles the plaintiff to an award of money to allow an asset freeze in the first instance.

Dated:  April 16, 2024 	Respectfully submitted,

<p style="margin-left: 40%">
<u>/s/ Dustin L. Taylor</u><br>
Dustin Taylor, IL Bar No. 6328158<br>
**HUSCH BLACKWELL LLP**<br>
1801 Wewatta Street, Suite 1000<br>
Denver, CO 80202 6318<br>
Direct: 303-749-7247<br>
Fax: 303-749-7272<br>
Dustin.Taylor@huschblackwell.com<br>
<br>
Dan Yao<br>
Yao Legal Group LLC<br>
15 Canterbury Rd., Suite A3<br>
Great Neck, NY 11021<br>
dyao@yaolawoffice.com<br>
<br>
***Attorneys for Defendant zhuhai jiashu dianzishangwu youxiangongsi d/b/a GD-Whitening***
</p>

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April, 2024, I caused the foregoing to be filed electronically with the Clerk of Court and to be served via the Court's Electronic Filing System upon all counsel of record.

<div align="right">

*/s/ Dustin L. Taylor*

</div>