# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAO GROUP, INC.<br><br>　　　　Plaintiff,<br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A,"<br><br>　　　　Defendants. | Case No. 1:24-cv-1211<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeannice W. Appenteng |

## DECLARATION OF DUSTIN LEE TAYLOR IN SUPPORT OF DEFENDANT GD-WHITENING'S EMERGENCY MOTION TO MODIFY THE TEMPORARY RESTRAINING ORDER

I, Dustin Lee Taylor, hereby state and declare as follows:

1.　I am a member of the bar of the State of Illinois. I am an attorney with the law firm of Husch Blackwell LLP, counsel for Defendant zhuhai jiashu dianzishangwu youxiangongsi d/b/a GD-Whitening.

2.　I have entered my appearance in the above-styled action. I am over the age of eighteen and competent to make this declaration. My testimony in this declaration is based on personal knowledge and, if called as a witness, I could competently testify to the facts below.

3.　On April 5, 2024, counsel for GD-Whitening emailed counsel for Plaintiff to request the case filings for this matter. Plaintiff's counsel responded by email on April 5, 2024, and provided numerous email attachments. However, the response by Plaintiff's counsel included a redacted copy of the Amended Complaint (ECF No. 17)—as opposed to the sealed unredacted version (ECF No. 19)—and did not provide copies of Schedule A (ECF No. 17-1), Exhibit 3 to the Complaint (ECF No. 17-4) or a copy of the Sealed Temporary Restraining Order (ECF No. 26).

4.  On April 9, 2024, counsel for GD-Whitening emailed counsel for Plaintiff to request all nonpublic filings from this matter. Plaintiff's counsel responded by email on April 9, 2024, and attached numerous documents to the response, one of which was a copy of the sealed unredacted version of the Amended Complaint (ECF No. 19). Plaintiff's counsel only provided a partial version of Exhibit 3 and refused to share the sealed versions of Schedule A, Exhibit 3, and the transcript of the *ex parte* conference with the Court.

5.  Exhibit 1 to this Declaration is a true and correct copy of an "Infringement Chart" with the file title "Def. 8 GD-SSS (007).pdf" that we received from Plaintiff's counsel via email on April 9, 2024. While counsel for GD-Whitening understands Exhibit 1 to be an excerpted copy of Plaintiff's "claim charts" identified in the Complaint as Exhibit 7 to the Complaint, counsel for GD-Whitening does not possess a non-excerpted copy of Exhibit 7, and therefore attaches this excerpted copy provided by Plaintiff's counsel for reference.

6.  On Friday, April 12, 2024, I wrote counsel for CAO to inform them that, pursuant to Paragraph 11 of the TRO and pursuant to Federal Rule of Civil Procedure 65(b)(4), GD-Whitening intended to file a motion to modify paragraphs 2 and 6 of the TRO.

7.  On Monday, April 15, 2024, counsel for CAO responded to confirm they opposed the request to modify the TRO.

***

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of April, 2024.          */s/ Dustin L. Taylor*
                                                                             Dustin L. Taylor