IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAO GROUP, INC.,<br><br>                Plaintiff,<br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE A,<br><br>                Defendant. | Case No.: 1:24−cv−01211<br><br>Honorable Thomas M. Durkin |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO MODIFY THE PRELIMINARY INJUNCTION**

Defendants DEEPSOUND ("Defendant #4"), BYS Technology ("Defendant #5"), Carbonline ("Defendant #10"), Moose Store ("Defendant #23"), BLUE ELF ("Defendant #26"), and Acupress ("Defendant #27") ("Defendants") hereby file this memorandum of law in support of its motion requesting that the Court modify Plaintiff's Preliminary Injunction (Dkt. Nos. 43, 44). As explained below, an asset restraint is not appropriate for this patent infringement case. And, even if an asset restraint is appropriate, an asset restraint of over $280,000 when there are $0.00 in sales is grossly excessive and bears no relation to the alleged infringement. Any asset restraint should be nominal in view of the potential for only nominal damages. In support of its motion, Defendants state as follows:

**I.    INTRODUCTION**

Plaintiff CAO Group, Inc. ("CAO" or "Plaintiff") obtained an *ex parte* temporary restraining order ("TRO") that was converted into a preliminary injunction which improperly froze Defendants assets. To support the entry of the TRO, Plaintiff argued incorrectly that the Court has the authority to restrain defendants' assets in utility patent infringement cases, that defendants

1

typically disregard their responsibilities and transfer funds overseas, and for the legal remedy of a reasonable royalty under 35 U.S.C. § 284. (Dkt. No. 24 at 13). Like the other responding Defendant, GD-Whitening (Dkt. No. 37), Plaintiff failed to show specific evidence that Defendants are a particular risk to transfer funds. Courts also "generally do not have the authority to preliminarily restrain assets where a plaintiff seeks a money judgment." *Grupo Mexicano de Desarrollo v. Alliance Bond Fund*, 527 U.S. 308, 331 (1999). Plaintiff is seeking damages under 35 U.S.C. § 284, which would be based on a reasonable royalty, and not equitable monetary relief. "[I]f the amount of the profits is known, then the asset freeze should apply on[ly] to that specific amount, and no more" *Antsy Labs, LLC v. The Individuals*, 2022 U.S. Dist. LEXIS 212406, *12 (N.D. Ill. Nov. 23, 2022) (*quoting Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2013 U.S. Dist. LEXIS 205985, *5 (N.D.Ill. Oct. 30, 2013).

Defendants collectively have approximately $280,389.55 restrained in their accounts and growing everyday due to the sale of additional products, whereas Defendants have sold zero units of the accused product for $0.00.

| Account | Amount Restrained | Sales |
|---|---|---|
| DEEPSOUND | $20,222.08 | $0.00 |
| BYS Technology | $16,730.47 | $0.00 |
| Carbonline | $61,568 | $0.00 |
| Moose Store | $14,696 | $0.00 |
| BLUE ELF | $95,454 | $0.00 |
| Acupress | $71,719 | $0.00 |

*See* Ex. A. Defendants previously provided this evidence to Plaintiff and Plaintiff has not disputed either the amount frozen, or the lack of any sales by Defendants. "To exempt assets from an asset freeze, the burden is on the party seeking relief to present documentary proof that particular assets are not the proceeds of counterfeiting activities." *Antsy Labs, LLC,* 2022 U.S. Dist. LEXIS 212406,

*12 (*quoting Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015)). There have been no profits gained by Defendants and no lost sales or lost profits from Plaintiff. Defendants have provided evidence to show they have not sold any allegedly infringing products, have $0.00 dollars in damages, and the accounts were improperly restrained, the asset restraint should be dissolved.

## II.  STATEMENT OF THE LAW

"[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Valencia v. City of Springfield*, 883 F.3d 959, 965 (7th Cir. 2018). Plaintiff is not entitled to a preliminary injunction unless it establishes that "(1) 'absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims'; (2) 'traditional legal remedies would be inadequate'; and (3) 'its claim has some likelihood of succeeding on the merits.'" *Id.* If it cannot clearly establish each of these threshold requirements, the injunction must be denied. *Id.* at 966.

When preliminary injunction was issued under circumstances resembling a temporary restraining order, *i.e.*, the injunction was granted without a hearing or adversarial briefing, the burden of proof may lie with the party seeking to maintain the preliminary injunction. *Jiaxing Zichi Trade Co. v. Yang*, 2021 U.S. Dist. LEXIS 190436, *8 n. 3 (N.D. Ill. Aug. 19, 2021). "The Supreme Court has made clear that courts lack the power to issue an asset freeze at the beginning of a case, unless that party is seeking equitable monetary relief." *Zorro Prods. v. The Individuals et. al.*, 2023 U.S. Dist. LEXIS 226550, *9 (N.D. Ill. Dec. 20, 2023).

## III.  ARGUMENT

The $280,389.55 asset restraint of Defendants' accounts should be removed because an asset restraint is an improper remedy in a utility patent case. The alleged asset restraint because of unjust enrichment is improper because it is preempted by patent law and, if not preempted, there

has been no enrichment by Defendants due to $0.00 in sales. Alternatively, if the asset restraint is not dissolved, the asset restraint should be limited to only what is reasonably necessary to secure the potential future equitable relief based on Defendants' $0.00 in sales.

### A. Asset Restraint is an Improper Remedy in Utility Patent Cases.

"The Supreme Court has made clear that courts lack the power to issue an asset freeze at the beginning of a case, unless that party is seeking equitable monetary relief." *Zorro Prods.* 2023 U.S. Dist. LEXIS 226550, *9. Plaintiff is not seeking any equitable monetary relief in either its complaint, TRO, or Preliminary Injunction. Plaintiff is seeking a monetary legal remedy of damages under 35 U.S.C. §284. "This statute, unlike the trademark and design patent context, does not provide for the equitable relief of accounting and profits." *ABC Prods. v. Individuals*, 2024 U.S. Dist. LEXIS 67662, *14 (N.D. Ill. Jan. 9, 2024) (internal cites omitted); *see also Zorro Prods.*, 2023 U.S. Dist. LEXIS 226550, *10-*11. "[A] district court may not issue an injunction freezing assets in an action for money damages where no equitable interest is claimed." *ABC Prods.*, 2024 U.S. Dist. LEXIS 67662, *13 (*quoting CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002)). The asset restraint should be lifted because no equitable monetary relief is being requested and thus the Court does not have the authority to restrain Defendants' assets.

### B. Plaintiff's Unjust Enrichment Claim is Preempted by Federal Law or Alternatively, no Unjust Enrichment has occurred.

Plaintiff's claim of Illinois common law unjust enrichment is preempted by federal patent law and cannot form the basis of a preliminary injunction as it has no likelihood of success on the merits. *See Abrasic 90 Inc. v. Weldcote Metals, Inc.*, 364 F. Supp. 3d 888, 896 (N.D. Ill. 2019). This case is like that of *Hagenbuch v. 3B6 Sistemi Elettronici Industriali*, No. 04 C 3109, at *4 (N.D. Ill. Mar. 14, 2005) (Ex. B). In *Hagenbuch*, the plaintiff alleged patent infringement along with unjust enrichment claims. The court held that "a state law claim for unjust enrichment based

4

solely on allegations of patent infringement conflicts with the federal statute defining damages for patent infringement under § 284." *Id.* at *5. "Because federal law overrides the state laws with which they conflict, plaintiff cannot avail himself of an additional state law claim for compensation for patent infringement." *Id.* In this case, Plaintiff alleges that because Defendants offered to or sold allegedly infringing products, they have been unjustly enriched in the process. These allegations arise out of the same facts as the allegation of patent infringement and Congress has already determined how plaintiffs are compensated for damages arising out of patent infringement under 35 U.S.C. § 284. *Id.*; *Caa Indus., LTD v. Recover Innovations, Inc.*, 2023 U.S. Dist. LEXIS 93584, *9 (May 26. 2023) ("the gravamen of the claim is Defendant unjustly benefited from infringing on Plaintiff's intellectual property" so "As currently pled, Plaintiff's unjust enrichment claim is preempted by federal patent law."); *Emseal Joint Sys. v. Schul Int'l Co., LLC*, 2018 U.S. Dist. LEXIS 131463, *8 (D.N.H. Aug. 6, 2018) ("Because plaintiff's unjust enrichment claim directly relates to its rights under federal patent law, and seeks to enforce such rights under a common law guise, the unjust enrichment claim is preempted.")

Despite the preemption of the unjust enrichment claim, even if the court were to find the find the unjust enrichment claim was not preempted, Defendants have not sold any of the allegedly infringing goods, and therefore there has not been any unjust enrichment by Defendants.

### C. Asset Restraint Should Be Limited to the Amount that Could be Recovered as Profits.

If the preliminary injunction stands, the asset restraint should be reduced to the amount that could be recovered as profits through equitable accounting. "[A] federal court has no power to enjoin a defendant's use of its property 'pending adjudication of [plaintiff's] claim for money damages.'" *Grupo Mexicano,* 527 U.S. at 333; *Guarantee Trust Life Ins. Co. v. Am. Med. & Life Ins. Co.*, No. 2014 U.S. Dist. LEXIS 61684, *4 (N.D. Ill. May 5, 2014), "a district court has 'no

5

authority to issue a preliminary injunction preventing [a party] from disposing of [its] assets pending adjudication of [the opposing party's] claim for money damages.'" *GemShares LLC v. Lipton*, 2020 U.S. Dist. LEXIS 95, *16 (N.D. Ill. Jan. 2, 2020) (*quoting Grupo Mexicano*, 527 U.S. at 333). Prejudgment asset restraints are thus limited to cases seeking the equitable remedy of an accounting for profits.

Defendants have sold $0.00 of the allegedly infringing products. (Ex. A). Presently, Defendants have had at least $280,389.55 restrained by this Court. Courts in this district have adjusted an asset freeze where sales of the goods are limited. *See E-Link Tech. Co. v. Shenzhen Uni-Sun Elecs. Co.*, 2020 U.S. Dist. LEXIS 122771, *8-9 (N.D. Ill. May 14, 2020) ("restraining all funds received by the Amazon accounts, in light of the relatively small proportion due to the alleged infringing sales, is disproportionately onerous;"). There are no profits that could be recovered because there are no sales of the alleged infringing products. This disproportionate restraint over $280,000 based on $0.00 in sales warrants an exemption of assets from the asset restraint to be more narrowly tailored to any actual damages. Although Defendants contend that no asset restraint should be granted in view of the $0.00 in sales, any asset restraint should be nominal, *e.g.*, $500.00/defendant, which would be more tailored to the likely nominal damages in this case.

## **CONCLUSION**

For the reasons discussed above, Defendants DEEPSOUND ("Defendant #4"), BYS Technology ("Defendant #5"), Carbonline ("Defendant #10"), Moose Store ("Defendant #23"), BLUE ELF ("Defendant #26"), and Acupress ("Defendant #27") respectfully request the Court to modify Plaintiff's preliminary injunction to dissolve the asset restrain or alternatively reduce the asset restraint to be narrowly tailored to the nominal potential damages.

April 29, 2024                     Respectfully Submitted,

                                             */s/ Steven G. Kalberg*
David R. Bennett
Steven G. Kalberg
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com
skalberg@directionip.com

*Attorneys for Defendants DEEPSOUND ("Defendant #4"), BYS Technology ("Defendant #5"), Carbonline ("Defendant #10"), Moose Store ("Defendant #23"), BLUE ELF ("Defendant #26"), and Acupress ("Defendant #27")*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2024, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

                                       */s/ Steven G. Kalberg*
                                       Steven G. Kalberg