IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAO GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | Case No.: 1:24-cv-01211 <br><br> Judge Thomas M. Durkin <br><br> Magistrate Judge Jeannice W. Appenteng <br><br> JURY TRIAL DEMAND |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO VACATE THE
PRELIMINARY INJUNCTION**

Plaintiff CAO Group, Inc., ("Plaintiff") filed its Complaint against Defendant Nos. 6) haiyi_mall and 25) Newage-Store (represented by attorney He Cheng, and hereinafter referred to as "Cheng Defendant"), along with 53 other defendants, for three (3) counts of patent infringement. Cheng Defendant filed its Motion to Vacate Preliminary Injunction Order [74] (the "Motion"), for which Plaintiff files this response brief in opposition to Cheng Defendant's Motion.

I.   INTRODUCTION

Cheng Defendant's Motion argues that the Preliminary Injunction Order [47], entered by the Court on April 24, 2024, should be vacated because, according to Cheng Defendant, Plaintiff failed to prove a likelihood of success on the merits because Cheng Defendant's accused product, 5D Teeth Whitening Strips ("5D Strips"), 1) do not use a peroxide bleaching agent; and 2) do not have a drying step. However, the evidence shows that Cheng Defendant's 5D Strips do contain a peroxide bleaching agent and based upon available evidence regarding the products (in particular

1

the use of particular ingredients) seemingly do contain a drying step. At a minimum, Cheng Defendant has failed to show the lack of a drying step. Thus, Plaintiff has a high likelihood of success on the merits of showing that Cheng Defendant's 5D Strips infringe Plaintiff's Patents.

## II. LEGAL STANDARD

A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill.1996).

"Arguments that a party fails to raise, or raises without development and citation to pertinent authority are, of course, waived or forfeited." *Art Akiane LLC v Art & SoulWorks LLC*, No.19-C-2952, 2021 U.S. Dist. LEXIS 214738, at *15-16 (N.D. Ill. Nov. 5, 2021).

## III. ARGUMENT

As an initial matter, Cheng Defendant only contends that Plaintiff does not have a reasonable likelihood of success on the merits. *See* [75]. However, in order to be granted a preliminary injunction order by the Court, a plaintiff must show that "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill.1996). Cheng Defendant makes no attempt to argue that Plaintiff has failed to show irreparable harm, a balance of hardships favoring the Plaintiff, or that the public interest would not be disserved by the preliminary injunction. "Arguments that a party fails to raise, or raises without development and citation to

pertinent authority are, of course, waived or forfeited." *Art Akiane LLC v Art & SoulWorks LLC*, No.19-C-2952, 2021 U.S. Dist. LEXIS 214738, at *15-16 (N.D. Ill. Nov. 5, 2021). Thus, Cheng Defendant waives any arguments as to Plaintiff's showing of irreparable harm, a balance of hardships favoring the Plaintiff, and the public interest. Cheng Defendant's sole contention is that Plaintiff has not shown a reasonable likelihood of success on the merits – a contention that is unsupported by the evidence.

### A. Cheng Defendant's 5D Strips Contain a Peroxide Bleaching Agent

Cheng Defendant argues that its 5D Strips do not contain a peroxide bleaching agent, but instead contain Sodiuym Phytate. *See* [75] at pg. 6. As purported support, Cheng Defendant attached a booklet it claims is included in the packaging of its 5D Strips and argues that it lists Sodium Phytate rather than a peroxide bleaching agent. *See* [75-4] at pg. 4.

However, Plaintiff performed a test purchase of Cheng Defendant's product. *See* <u>Exhibit 1</u>, showing all contents of the package Plaintiff received from Cheng Defendant. While there are some instruction materials contained in the package, no booklet or separate ingredient list was included. *See* **Exhibit 1**. In fact, none of the packaging materials (including the box, individual strips, or separate inserts) included an ingredient list for Cheng Defendant's products. *See* **Exhibit 1**.

However, Cheng Defendant did include a list of active ingredients on its listings on Amazon.com. Either Cheng Defendant is one entity operating multiple accounts on Amazon, or are two related entities (employing the same "buyer") selling the same product on Amazon. *See* [75-3] Declaration of Jianbin Li at ¶1 (identifying himself as the "buyer" for both Defendant stores). In either case, the two listings under Defendant No. 6 and Def. No. 25 on the "Schedule A" attached to the Complaint and First Amended Complaint are for the same "5D Whitening Strips." For the listings under Defendant No. 25, Cheng Defendant lists the active ingredient as

3

"Glycerin, Propylene Glycol, Aqua, Phthalimidoperoxycaproic Acid for Teeth whitening Strips." *See* [19-6] at pg. 113, screenshots of listing of 5D Strips under Defendant No 25. Phthalimidoperoxycaproic Acid is a peroxide bleaching agent. *See*, [19-7] at ¶ 7, the Declaration of Dr. Densen Cao (where Dr. Cao states that Phthalimidoperoxycaproic Acid is a peroxide compound).

In other words, Cheng Defendant's own listing contradicts the evidence it presented in support of its Motion. Based upon the online listing and the lack of ingredient list in Plaintiff's test purchase, Plaintiff strongly believes Cheng Defendant is not being honest with the Court regarding the ingredients in the accused product. However, Even if Cheng Defendant *is* accurately portraying the ingredient list of the 5D Strips in its Motion – Cheng Defendant is still *offering* to sell an infringing product, even if the actual product does not contain the necessary ingredients to be an infringing product. Offering to sell a patented invention still constitutes patent infringement. *See* 35 U.S.C. § 271(a).

### B. Cheng Defendant's 5D Strips Undergoes a Drying Step

Cheng Defendant argues that the 5D Strips do not require a drying step once the dental composition has been applied to the dental strip. *See* [75] at pg. 6. Cheng Defendant goes on to state that the composition "is already in a gelatinous state, which further delineates it from the patented technology requiring a drying step to achieve the necessary gelatinous and visco-elastic properties." *See id*.

The only evidence to support this assertion is a Declaration from Jianbin Li [75-3], who is the "buyer" for the Cheng Defendant. It is very unclear what Li's role is with the Cheng Defendant based upon that description and, more importantly, if Li is qualified to make any statements regarding either Plaintiff's Patents or Cheng Defendant's 5D Strips. There is also no information

4

regarding how Li is familiar with Cheng Defendant's production of the 5D Strips at all. Presumably, if Li is a "buyer," then he is not involved in the manufacture or development of the 5D whitening strips. At a minimum, the declaration fails to support as much.

However, even if the Court assumes that Li is qualified to testify as to whether or not the dental composition used by Cheng Defendant undergoes a drying step, Cheng Defendant's argument as to non-infringement makes little sense. Plaintiff has already shown that Cheng Defendant uses ingredients identified in Plaintiff's Patents as components in the dental composition of Plaintiff's Patents. *See* Exhibit 1 to the Amended Complaint [19-2]-[19-4] (Plaintiff's Patents); Exhibit 3 [19-6] at pg. 113, screenshots of Cheng Defendant's listing under Defendant No. 25; and the portion of Exhibit 7 specific to Defendant Nos. 6 and 25 [20-6] and [20-21], claim charts regarding Cheng Defendant's infringement of Plaintiff's Patent. However, Cheng Defendant argues that its dental composition does not undergo a "drying step" but still becomes "gelatinous" and has "visco-elastic properties." *See* [75] at pg. 6. Cheng Defendant states this without any explanation. However, as expressed in description of the invention, it is the result of drying whereby the dental composition becomes "visco-elastic, and gelatinous." *See* Exhibit 1A [19-2] at 8:4-22. Plaintiff also mentions a variety of methods for how drying can occur, including various temperatures, time, and the use of ambient air. Plaintiff's Patents offer a wide definition for how the drying can occur. *See id*.

With all of that said, how is it that Cheng Defendant's dental composition can have the same ingredients as the patent inventions, as described in Plaintiff's Patents, and have the same visco-elastic and gelatinous properties as Plaintiff's patented inventions, but not undergo the same process? It cannot.

5

Moreover, Cheng Defendant seemingly ignores a distinction between one of the asserted patents and the others. Specifically, Claim 1 of U.S. Patent No. 11,219,582 ("the '582 Patent") does not include the same temporal element present in Claim 1 of U.S. Patent No. 10,603,259 and 10,646,419 (both stating "wherein the dental composition is dried after being applied on the strip of backing material."). *See e.g.*, [75], Cheng Defendant's Motion at p. 5-6 (chart showing Claim 1 of each patent (with alterations added by Cheng Defendant). Instead, Claim 1 of the '582 Patent states:

> 1. A dental bleaching device, comprising:
> a strip of backing material, wherein the strip of backing material is flexible and planar such that the strip of backing material has two flat sides;
> a dental composition being applied to at least a portion of one of the flat sides of the strip of backing material; the dental composition being comprised of a peroxide bleaching agent, a solvent, and a thickening agent, said thickening agent being at least one thickening agent selected from the set of thickening agents consisting of polyethyloxazoline and polyvinylpyrrolidone (PVP);
> the dental composition having been dried to an extent that it no longer remains in a state of fluidity;
> wherein the dried dental composition is gelatinous, non-coalescent, and visco-elastic such that when adhered to a user's dental arch both the dental composition and the backing material flex and conform to a user's dental arch without cracking or breaking.

*See* [19-4] U.S. Patent No. 11,219,582 at 10:57-11:7.

Cheng Defendant tacitly admits that its product is manufactured with a drying step, they simply argue that the drying step occurs before the substance is applied to the backing strip. *See* [75-3] at ¶5 (asserting, erroneously, that each of the Asserted Patents requires the drying step to occur after application onto the backing material) and ¶6 (asserting that the compound for the Cheng Defendant's product is already gelatinous when applied to the strip and thus does not require "further drying"). The reference to "further drying" in the Li declaration seemingly confirms that there is at least an earlier drying step. Thus, even assuming *arguendo* that Li is

6

qualified to opine on the manufacturing process for the products that Li merely purchases for the Cheng Defendant, and even assuming *arguendo* that the product does not require "further drying" after being applied to the backing material (both assumptions require contradicting the characteristics of the ingredients used), the Cheng Defendant still infringes at least Claim 1 of the '582 Patent because that claim does not require that the drying step occur after application to the backing strip. *See* Claim 1, quoted *supra*.

Further, even if Cheng Defendant could provide an explanation for how its dental composition is able to use the same ingredients and have the same properties (mainly being visco-elastic and gelatinous) as the dental composition embodied in Plaintiff's Patents without requiring a drying step, the 5D Strips would still likely infringe under the doctrine of equivalence. The dental composition embodied in Plaintiff's Patents not only undergoes a drying step to become visco-elastic and gelatinous but is also rehydrated to gain adhesive properties. *See* Exhibit 1A [19-2] at 8:4-26-27. So, if Cheng Defendant's dental composition does not undergo a drying process and does not undergo any other process to give it visco-elastic, gelatinous, and/or adhesive properties, it would still infringe Plaintiff's Patent under the doctrine of equivalence.

## IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court deny Cheng Defendant's Motion to Vacate the Preliminary Injunction [74].

DATED: June 17, 2024

Respectfully Submitted,

/s/ Sameeul Haque
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com

7

        Sameeul Haque
        shaque@bdl-iplaw.com
        BISHOP DIEHL & LEE, LTD.
        1475 E. Woodfield Road, Suite 800
        Schaumburg, IL 60173
        T: (847) 969-9123
        F: (847) 969-9124

        *Counsel for Plaintiff, CAO Group, Inc.*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this June 17, 2024. Any other counsel of record will be served by electronic and/or first-class mail.

                                                      /s/ Sameeul Haque
                                                      Sameeul Haque