UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAO Group, Inc., <br><br> *Plaintiff*, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> *Defendant*. | CASE NO. 1:24-cv-01211 <br><br> Judge: Honorable Thomas M. Durkin |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' MOTION TO VACATE PRELIMINARY INJUNCTION ORDER**

Defendants **Newage-Store** (Def. No. 25) and **haiyi mall** (Def. No. 6, collectively "Defendants") respectfully submit this Reply to Plaintiff's Response to Defendant's Motion to Vacate The Preliminary Injunction [Dkt. No. 96].

**INTRODUCTION**

*First*, Plaintiff has failed to respond to the non-frivolous and dispositive argument raised by Defendants, that "the 5D Teeth Whitening Strips are designed and manufactured in accordance with US Patent 5,891,453 and US 5,894,017" [Dkt. No. 75, p.7], which challenges both the validity of Plaintiff's patents ("Patents-in-suit") and the infringement claim.

The 5D Teeth Whitening Strips ("Accused Products" or "Defendants' products") are "made within the scope of the Prior Arts." *See* Declaration of Jianbin Li, ¶4, attached hereto as **Exhibit 1**. Because "the use of peroxide in teeth whitening strips was disclosed as early as the 1990s, specifically under U.S. Patent Nos. 5,891,453 and 5,894,017 (the "Prior Arts"), whether peroxide was used in Defendants' products does not alter the that they were made within the scope of these Prior Arts. *See* Ex. 1, ¶ 3; *see also* Dkt. No. 75-1, pp. 6, 8-10; & 75-2. pp. 4, 6.

1

Under the principle that "which infringes if later, anticipates if earlier," Plaintiff's failure to respond is sufficient ground to grant Defendants' Motion to Vacate the Preliminary Injunction Order against them. At minimum, Plaintiff should pinpoint the innovation in its patents that is present in the Accused Products but not already disclosed in the Prior Arts.

**Second**, Plaintiff failed to meet its burden of proof. In its Opposition, Plaintiff attempted to shift its burden by stating that the "Cheng Defendant has failed to show the lack of a drying step." [Dkt. No. 96, p.2]. This reasoning is fundamentally flawed because it is illogical for Defendants to prove the non-existence of a feature in their products.

The burden falls on Plaintiff to prove that a drying step is essential in the manufacturing process of Defendants' product. Plaintiff's assertion that "how is it that Cheng Defendant's dental composition can have the same ingredients … but not undergo the same process? It cannot" [Dkt. No. 96, p.5] is not only factually wrong but also logically unsound.

Even without considering the absence of peroxide in Defendants' products, "none of the formulars disclosed in Plaintiff's patent have the same ingredients as Defendants' products." *See* Ex. 1, ¶ 10; *see also* Dkt. No. 19-2, pp. 13-14, Col. 8-99; Dkt. No. 19-3, pp. 12-13, Col. 8-9; Dkt. No. 19-4, pp. 12-13, Col. 8-9. The Patents-in-suit do not specify a particular formula or a precise composition of ingredients. Further, "even if the ingredients were the same, the percentage of each ingredient in a formulation can differ significantly." *See* Ex. 1, ¶ 10.

And given that the Accused Products fall within the scope of the Prior Arts, Plaintiffs' failure to demonstrate any innovation in its patents that is present in the Accused Products but not already disclosed in the Prior Arts, further discredits its argument for infringement.

**Third**, the declarations provided by Jianbin Li are substantiated by his firsthand knowledge regarding the manufacturing processes and ingredients used in Defendants' products. *See* Ex. 1, ¶¶11-12. He also clarified Plaintiff's concerns regarding the discrepancies between the

2

packaging in Plaintiff's test purchase [Dkt. No. 96-1] and Defendant's new packaging [Dkt. No.75-4], as well as the listing of Phthalimidoperoxycaproic Acid ("PAP") on Defendants' Amazon online stores [Dkt. No. 20-6 & 20-21]. It is crucial to note that it remains Plaintiff's burden to prove infringement — a burden it has failed to meet.

On the other hand, Defendants has raised substantial questions concerning both the validity of the Patents-in-suit and the infringement of the Accused Products. Plaintiff has either failed to respond to Defendants' arguments, or has provided responses that lack persuasive substance. Consequently, the Preliminary Injunction Order against Defendants should be vacated.

## ARGUMENTS

"A preliminary injunction should not issue if the accused infringer 'raises a substantial question concerning either infringement or validity.'" *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017) (quoting *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001); *see also LifeScan Scotland, Ltd. v. Shasta Tech., LLC,* 734 F.3d 1361, 1366 (7th Cir. 2013).

### A. Plaintiff's Failure to Respond to the Dispositive Argument.

Plaintiff's failure to respond to a non-frivolous and dispositive argument is sufficient ground for us to grant Defendants' motion. *Kemph v. Reddam*, 2015 U.S. Dist. LEXIS 38861, 2015 WL 1510797, at 5-6 (N.D. Ill. Mar. 27, 2015) (citing *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 467 (7th Cir. 2010) (finding plaintiff's failure to respond to defendants' argument "leaves us no choice but to accept [defendant's] assertions—supported as they are by pertinent legal authority"); *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (finding that failure to respond to a non-frivolous and dispositive argument indicates acquiescence to the argument and operates as a waiver); *Panoramic Stock Images, Ltd. v. John Wiley & Sons, Inc.*,

3

963 F. Supp. 2d 842, 848 (N.D. Ill. 2013) (failure to respond to an argument regarding the scope of arbitration operated as a forfeiture of any argument to compel arbitration); *MCI WorldCom Network Servs., Inc. v. Atlas Excavating, Inc.*, No. 2 C 4394, 2006 U.S. Dist. LEXIS 88956, 2006 WL 3542332, at *3 (N.D. Ill. Dec. 6, 2006) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession.")).

Defendants have presented a non-frivolous and dispositive argument that their products are designed and manufactured in accordance with the Prior Arts. [Dkt. No. 75, p.7]. "Defendants' products are made within the scope of the Prior Arts." Ex. 1, ¶4. "Each element in the 5D Teeth Whitening Strips, including the methods, compositions, and application, is fully disclosed in the prior patents." [Dkt. No. 75-3, ¶ 8].

In accordance with the principle that "what infringes if later anticipates if earlier," Defendants' products, being within the scope of the Prior Arts, cannot infringe upon the Patents-in-suit, unless the Patents-in-suit are anticipated by the Prior Arts. This argument poses a direct challenge to both the validity of the Patents-in-suit and the infringement claims.

In its Opposition, Plaintiff has neither acknowledged the two Prior Arts referenced by Defendants, nor contested the argument and application of the doctrine "which infringes if later, anticipates if earlier." At minimum, Plaintiff should pinpoint the innovation in its patents that is present in the Accused Products but not already disclosed in the Prior Arts. Plaintiff's failure to respond not only demonstrates a reluctance to delve into the patent validity debate, suggesting a concern over the potential invalidity of its patents, but also indicates acceptance of Defendants' assertions, thereby supports non-infringement of the Accused Products.

Given these circumstances, there is sufficient ground for granting Defendants' motion to vacate the Preliminary Injunction Order.

**B. Defendants Have Sufficiently Clarified and Rebutted Plaintiff's Concerns regarding the Absence of a Drying Step and the Composition of the Accused Product.**

1. *Clarification on the Absence of a Drying Step*

**First**, Plaintiff's assertion of the necessity of a drying step in the manufacture of Defendants' products is both factually unfounded and logically unsound [Dkt. No. 96, p.5].

The listed ingredients for Defendants' products are: "Glycerol, Propylene Glycol, Deionized Water, Sodium Phytate, Carbomer, Carboxymethyl, Polyvinylpyrrolidone, Menthol, Glucose, Sodium Hydroxide." [Dkt. No. 75-4, p. 4]. It is crucial to note that "none of the formulars disclosed in Plaintiff's patent have the same ingredients as Defendants' products." *See* Ex. 1, ¶ 10; *see also* Dkt. No. 19-2, pp. 13-14, Col. 8-99; Dkt. No. 19-3, pp. 12-13, Col. 8-9; Dkt. No. 19-4, pp. 12-13, Col. 8-9.

Moreover, the Patents-in-suit do not prescribe a particular formula or exact composition of ingredients. "Even if the ingredients were the same, the percentage of each ingredient in a formulation can differ significantly." *See* Ex. 1, ¶ 10.

Given that the Accused Products fall within the scope of the Prior Arts, Plaintiffs' failure to demonstrate any innovation in its patents that appears in the Accused Products, but not already disclosed in the Prior Arts, undermines its argument of infringement.

**Second**, Plaintiff misinterprets Li's previous declaration as suggesting "that there is at least an earlier drying step." [Dkt. No. 96, p.5]. This interpretation is incorrect. Li explicitly reaffirms in his subsequent declaration, that "there is no drying step required, either before or after the dental composition is applied to the strip… [the drying step is] not applicable to Defendants' products." Ex. 1, ¶9.

2. *Clarification regarding Phthalimidoperoxycaproic Acid (PAP)*

The listing of PAP as an ingredient in Defendants' Amazon store was due to an oversight by the operations team. Ex. 1, ¶7. The actual products do not contain this compound. *Id.*

5

To further clarify, a simple lab analysis would verify the absence of PAP or any peroxide compounds in the Accused Product. *Id*. at ¶8.

Furthermore, even if PAP were present, Defendants' product would still fall within the scope of the Prior Arts, thus negating any claim of infringement.

3. *Changes in Packaging and Ingredient Disclosure*

The test purchase conducted by Plaintiff corresponds to an older version of Defendants' products. [Dkt. No. 96-1]. In late 2023, in response to consumer feedback, Defendants updated the product manuals and packaging, and started phasing out the old packaging in 2024. Ex. 1, ¶6; *see also* Dkt. No. 75-4. However, the formula of the products has remained the same. *Id*.

4. *Jianbin Li has first-hand knowledge and is competent to provide declaration*

Mr. Li is not only involved in procurement but also actively participates in the quality assurance processes. Ex. 1, ¶11. His frequent visits to the manufacturing facilities and his understanding of the production process provide him with a comprehensive knowledge of the ingredients, methods employed, and standards adhered to. *Id*. at ¶12.

The direct involvement ensures that Mr. Li can provide accurate and relevant information about Defendants' products, and provide well-informed comments concerning the Prior Arts and the response to Plaintiff's accusations.

## Conclusion

For the foregoing reasons, Defendants respectfully requests that this Court vacate the Preliminary Injunction Order against them.

Respectfully submitted,

Date: 07/12/2024

/s/ He Cheng
He Cheng | Attorney
Palmer Law Group, P.A.

5353 N. Federal Highway, Suite 402
Fort Lauderdale, FL 33065
www.palmerlawgroup.com
Tel: +1 (917) 525-1495
***Attorney for Defendants***