IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAO GROUP, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A,"<br><br>　　　　　Defendants. | Case No.: 1:24-cv-01211<br>　　　　　　1:24-cv-05129<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Jeannice W. Appenteng**<br><br>**JURY TRIAL DEMAND** |

**JOINT CASE STATUS REPORT**

**1)** **The Nature of the Case**

　　a.　Identify the attorneys of record for each party, including the lead trial attorneys.

　　**PLAINTIFF**:

　　　　Edward L. Bishop, (847) 925-9637, ebishop@bdl-iplaw.com,
　　　　Nicholas S. Lee, (847) 925-9638, nlee@bdl-iplaw.com,
　　　　Benjamin A. Campbell, (847) 925-9173, bcampbell@bdl-iplaw.com,
　　　　Sameeul Haque, (847) 466-2532, shaque@bdl-iplaw.com,
　　　　Bishop Diehl & Lee, Ltd.,
　　　　1475 E. Woodfield Rd, Suite 800,
　　　　Schaumburg, IL 60173

　　**DEFENDANTS**:[1]

　　　　David R. Bennett, (312) 291-1667, dbennett@directionip.com
　　　　Steven G. Kalberg, (847) 508-1294, skalberg@directionip.com
　　　　**Direction IP Law**
　　　　P.O. Box 14184
　　　　Chicago, Illinois 60614

---

[1] Defendants represented by Attorneys Adam Urbanczyk, Chris Keleher, and Daniel Yao (GD-Whitening in the Case No. 24-cv-05129) have represented to Plaintiff's counsel that their respective clients do not intend to further participate in litigation and, thus, did not participate in the 26(f) Conference.

1

    AND

    Robin Cheng, (917) 525-1495, rcheng@palmerlawgroup.com
    Palmer Law Group, P.A.
    5353 N. Federal Highway, Suite 402
    Fort Lauderdale, FL 33308

b. State the basis for federal jurisdiction.

**RESPONSE**: This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

c. Describe the nature of the claims asserted in the complaint and any counterclaims, including relief sought.

**RESPONSE**: Plaintiff has asserted three claims of patent infringement against Defendants in relation to teeth whitening strips. Plaintiff seeks injunctive and monetary relief, including trebled damages for willful infringement and injunction on any future sales of accused products. Defendants represented by Attorney Cheng ("Cheng Defendants") have not asserted any counterclaims against Plaintiff. Defendants represented by Attorney Kalberg ("Kalberg Defendants") assert three counterclaims for declaratory judgment of non-infringement as to the three patents asserted by Plaintiffs and a fourth counterclaim for tortious interference with prospective economic advantage. These defendants seek both injunctive and monetary relief.

2) **Pending Motions and Case Plan**

   a. Identify any pending motions.

    **RESPONSE**: Cheng Defendants filed a Motion to Vacate Preliminary Injunction [74]. Plaintiff has filed its Response [96]. Cheng Defendants have until August 1, 2024 to file a reply brief.

   b. Submit a proposal for a discovery plan, including the following information:

     i. The general type of discovery needed;
     ii. A date to issue written discovery;
     iii. If there will be expert discovery **relevant to dispositive liability motions**, an expert discovery completion date, including dates for the delivery of expert reports;
     iv. A liability discovery completion date;
     v. A deadline to amend pleadings;
     vi. Scheduling of expert discovery relevant to damages should be deferred until it becomes necessary for a hearing or trial. The parties may suggest that expert discovery relevant to damages be scheduled sooner if they believe it is necessary. Generally, the time and expense of expert damage discovery should not be taken until any dispositive motions have been decided, or the parties agree that no such motions will be filed.
     vii. A deadline for filing summary judgment motions should not be included. The Court will set that deadline in consultation with the parties after the close of discovery.
     viii. The Court generally approves parties' jointly proposed discovery plans, because the Court trusts that the parties will devise a schedule that both moves the case forward in an efficient manner and takes into account the parties' and counsel's other obligations. Since the Court will be generous in this regard, the Court will be reluctant to grant any extensions of this schedule.

| EVENT SCHEDULED | GOVERNING LOCAL PATENT RULE | DEADLINE |
|---|---|---|
| Answer or Other Response To Complaint | N/A | July 12, 2024 |
| Opening of Fact Discovery | N/A | July 15, 2024 |
| Initial Disclosures of Both Parties | 14 days (2 weeks) after Answer or other responsive pleading. (LPR 2.1) | July 26, 2024 |
| Initial Infringement Contentions | 14 days (2 weeks) after Initial Disclosures. (LPR 2.2) | August 2, 2024 |
| Initial Non-Infringement, Unenforceability, and Invalidity Contentions | 14 days (2 weeks) after Initial Infringement Contentions. (LPR 2.3) | August 16, 2024 |

3

| EVENT SCHEDULED | GOVERNING LOCAL PATENT RULE | DEADLINE |
|---|---|---|
| Initial Response to Invalidity Contentions | 14 days (2 weeks) after Initial Non-Infringement and Invalidity Contentions. (LPR 2.5) | August 30, 2024 |
| Final Infringement, Unenforceability, and Invalidity Contentions | 21 weeks after Initial Infringement Contentions. (LPR 3.1) | December 27, 2024 |
| Final Non-Infringement, Enforceability, and Validity Contentions | 28 days (4 weeks) after service of Final Infringement Contentions. (LPR 3.2) | January 24, 2025 |
| Exchange of Claim Terms Needing Construction | 14 days (2 weeks) after Final Validity Contentions. (LPR 4.1) | February 7, 2025 |
| Close of Fact Discovery – Part 1 | 28 days after the date for exchange of claim terms and phrases under LPR 4.1. (LPR 1.3) | March 7, 2025 |
| Opening Claim Construction Brief (by alleged infringer) and Joint Appendix | 35 days (5 weeks) after exchange of claim terms. (LPR 4.2(a)) | March 14, 2025 |
| Responsive Claim Construction Brief (by party asserting infringement) | 28 days (4 weeks) after Opening Claim Construction Brief. (LPR 4.2(c)) | April 11, 2025 |
| Reply Claim Construction Brief | 14 days (2 weeks) after Responsive Claim Construction Brief. (LPR 4.2(d)) | April 25, 2025 |
| Joint Claim Construction Chart | 7 days (1 week) after Reply Claim Construction Brief. (LPR 4.2(f)) | May 2, 2025 |
| Claim Construction Hearing | To be determined by the Court (within 28 days of filing of reply claim construction brief). (LPR 4.3) | Subject to the Court's availability (on or before May 23, 2025) |
| Claim Construction Ruling (fact discovery may resume) | To be determined by the Court. | Subject to the Court's availability |
| Discovery Opens Regarding Opinions of Counsel | 35 days (5 weeks) before final close of fact discovery. (LPR 3.6) | 35 days (5 weeks) before final close of fact discovery |
| Close of Fact Discovery – Part 2 | 42 days (6 weeks) after Claim Const. Ruling. | 42 days (6 weeks) after Claim Const. Ruling |

4

| EVENT SCHEDULED | GOVERNING LOCAL PATENT RULE | DEADLINE |
|---|---|---|
| Expert Witness Reports of Parties with Burden of Proof | 21 days (3 weeks) after claim construction ruling or close of discovery. (LPR 5.1(b)) | 21 days (3 weeks) after claim construction ruling or close of discovery. |
| Rebuttal Expert Witness Reports | 35 days (5 weeks) after initial expert witness reports. (LPR 5.1(c)) | 35 days (5 weeks) after initial expert witness reports |
| Completion of Expert Witness Depositions | 35 days (5 weeks) after rebuttal expert witness reports. (LPR 5.2) | 35 days (5 weeks) after rebuttal expert witness reports |

    c. E-Discovery

        i. Indicate whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately; and

        ii. Indicate whether the parties anticipate any electronic discovery disputes.

    **RESPONSE**: The parties have discussed e-discovery and, at this time, do not foresee any issues pertaining to electronic discovery requests and responses, including any production requiring e-discovery.

    d. Indicate whether a jury trial is requested and the probable length of trial

    **RESPONSE**: A jury trial is requested and the probable length of trial would be 5 days.

**3) Consent to Proceed Before a Magistrate Judge**

    a. Indicate whether the parties consent unanimously to proceed before a Magistrate Judge for all matters in the case, including dispositive motions and trial.

    **RESPONSE**: The parties do not unanimously consent to proceed before a Magistrate Judge at this time.

**4)** **Status of Settlement Discussions**

a. Indicate whether any settlement discussions have occurred, and if so, the status of those discussion. Unless it is impossible due to the uncertainty of damages, plaintiffs should have made a demand by the first status conference.

b. Whether the parties request a settlement conference before the Magistrate Judge assigned to the case.

**RESPONSE**: The Parties have had settlement discussions and believe that a settlement conference before the Magistrate Judge is appropriate. The Parties request a referral by the Court to have a settlement conference before the Magistrate Judge. However, the Parties agree that the case should proceed with normal discovery and motion practice and should not be stayed for settlement discussions.

Dated: July 16, 2024

Respectfully submitted,

/s/ Sameeul Haque
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
Sameeul Haque
shaque@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Telephone:   (847) 969-9123
Facsimile:   (847) 969-9124

*Counsel for Plaintiff, CAO Group, Inc.*
(Reviewed and Approved by Counsel for Defendants Prior to Submission)

6