IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAO GROUP, INC., <br><br>      Plaintiff,<br><br>v.<br><br>The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on the Attached Schedule A,<br>      Defendants. | Case No. 1:24-cv-01211<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Jeannice W. Appentang**<br><br>JURY TRIAL DEMAND |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**THIRD AMENDED COMPLAINT**

Plaintiff CAO Group, Inc. ("Plaintiff"), respectfully moves this Court for leave to file an amended Complaint to assert the remaining Defendants infringement of two additional patents. Plaintiff's Proposed Third Amended Complaint (attached hereto as Exhibit A) includes claims for the infringement of U.S. Patent Nos. 11,826,444 ("the '444 Patent") and 11,826,445 ("the '445 Patent") for peroxide gel compositions in the dental hygiene and teeth whitening product markets. As with its previous amendments, Plaintiff maintains that its initial and amended pleadings support the claims raised, including Plaintiff's right to injunctive relief, but the proposed Third Amended Complaint more particularly identifies additional harms being caused to Plaintiff by the remaining Defendants and their offer to sell and subsequent sales of infringing teeth whitening strips.

**Procedural Background**

On February 12, 2024, Plaintiff filed its original Complaint against the Defendants' identified on Schedule A to the Complaint. Dkt. 1 (public version of Complaint), *see also*, Dkt. 4 (sealed version of Complaint). On March 1, 2024, Plaintiff filed an *ex parte* motion for temporary

1

restraining order seeking to halt the continued sales of the teeth whitening products accused of infringing Plaintiff's '259, '419, and '582 patents. *See* Dkt. 13 (Motion) and Dkt. 14 (Memorandum in support). At the same time, Plaintiff filed a Motion for Leave to serve Defendants electronically. Dkt 15. The Court initially denied Plaintiff's motion, resulting in Plaintiff filing its First Amended Complaint and a subsequent *ex parte* motion for Temporary Restraining Order both on March 24, 2024.On March 26, 2024, the Court granted Plaintiff's motion. *See* Dkt. 25 (Order granting TRO) and Dkt. 26 (sealed TRO).

Consistent with the terms of the TRO, Plaintiff served the TRO on various third-party marketplaces to obtain contact and limited sales information regarding the Defendants, prevent removal of assets from the accounts associated with the accused product listings, and prevent ongoing advertising and sales of the accused products. *See generally* Dkt. 26. Those third-party marketplaces, in turn, provided notice of the proceedings to the Defendants who had been using the respective marketplaces. Consequently, Defendants started receiving notice of this action and of Plaintiff's claims against them. Defendants were then formally served, consistent with the Court's Order permitting electronic service, on April 18, 2024. *See* Dkt. 42.

Various Defendants have since appeared, filed various motions or pleadings, or otherwise contacted Plaintiff's counsel to discuss this case (*e.g.*, to discuss settlement, extensions of time, etc.) and have subsequently settled and been dismissed. The only group of appearing Defendants remaining in this case are Defendant Nos. 6 and 25, represented by He Cheng.[1] Plaintiff files this Motion and seeks the Court's leave to file an amended Complaint to assert and establish additional

---

[1] Plaintiff's counsel has conferred with Attorney Cheng regarding this motion and Attorney Cheng has stated that his clients oppose the motion. Should the Court require, the Parties have agreed to the following briefing schedule: Defendants have two weeks to file a response brief, and Plaintiff has one week to file a reply brief.

claims for infringement. Pursuant to Fed. R. Civ. P. 15(2),[2] "The Court should freely give leave when justice so requires." Here, justice requires granting leave to amend because a) the amendment more clearly addresses the harms being caused to Plaintiff and which supports Plaintiff's forthcoming claim for relief against the Defendants, b) a denial of leave to amend the complaint could effectively prevent Plaintiff from subsequently asserting Defendants infringement of the '444 and '445 Patents in a different lawsuit under res judicata, and c) fact discovery has just commenced and the parties have not established a deadline to amend the pleadings, thus denial of leave to amend would be against the interest of justice. Consequently, Plaintiff respectfully requests leave to amend its pleading.

**I.      LEGAL STANDARD**

Amendment of pleadings is governed by Federal Rule of Civil Procedure 15. Rule 15(a) provides that: "A party may amend its pleading once as a matter of course no later than (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Assuming Plaintiff can no longer amend as a matter of course, then Rule 15(a)(2) holds that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

**II.     IN THE INTEREST OF JUSTICE, LEAVE SHOULD BE GRANTED**

Here, justice requires allowing Plaintiff to amend its pleading. Defendants are already accused of infringing U.S. Patent Nos. 10,603,259 B2 ("the '259 Patent"), 10,646,419 B2 ("the '419 Patent"), and 11,219,582 B2 ("the '582 Patent"). The proposed Third Amended Complaint

---

[2] While the Court has set a Rule 16 Scheduling Order, *see* Dkt. 106, the order does not set a deadline to amend pleadings under Rule 16(b)(3)(A). Consequently, Rule 15's "freely give[n]" standard is appropriate.

does not change that aspect of the case. Rather, the Third Amended Complaint additionally notes Defendants' infringement of two related Patents owned by Plaintiff through Defendants' sale of its originally infringing products listed in Exhibit 3 to the Amended Complaint. *See* Dkt. 98-6. In other words, the proposed amendment does not significantly alter the scope of this case because the same family of patents and the same accused products will remain at issue.

Through Plaintiff's ongoing investigation of Defendants infringing acts, Plaintiff discovered that Defendants are infringing more of Plaintiff's intellectual property than Plaintiff originally believed. Because Defendants' acts are also infringing the '444 and '445 Patents, it is in the best interest of justice for leave to be granted at this time to ensure that these related claims are addressed efficiently in a single action. Moreover, if leave to amend is not granted, Plaintiff may be effectively denied from ever enforcing its rights in the '444 and '445 Patents because at the conclusion of this case, such claims for infringement of the '444 and '445 Patent arising out of Defendants acts could be barred by res judicata.

Further, a deadline to amend the pleadings was not established or discussed during the parties Rule 26(f) conference, thus, there is no harm to the parties if leave to amend is granted. However, as stated above, if leave to amend is not granted, significant harm will result to Plaintiff because Plaintiff may be effectively denied its right to enforce its own registered patents.

### III.  CONCLUSION

As described above, Plaintiff submits that it should be granted leave to amend its Complaint pursuant to Fed. R. Civ. P. 15(b) to clarify the allegations against remaining appearing Defendants. Plaintiff's proposed Third Amended Complaint, with all attachments, is attached hereto for the Court's consideration.

4

Dated: September 20, 2024          Respectfully submitted,

/s/ Nicholas S. Lee
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
Sameeul Haque
shaque@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Tel.: (847) 969-9123
Fax: (847) 969-9124

*Counsel for Plaintiff, CAO Group, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this September 12, 2024. Any other counsel of record will be served by electronic mail and/or first-class mail.

/s/ Nicholas S. Lee
Nicholas S. Lee