UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAO Group, Inc.,<br><br>                *Plaintiff*,<br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                *Defendant*. | CASE NO. 1:24-cv-01211<br><br>**Judge:** Honorable Thomas M. Durkin |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Defendants Newage-Store (Def. No. 25) and haiyi_mall (Def. No. 6, collectively "Defendants") respectfully submit this Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint [Dkt. No. 114].

### INTRODUCTION

Plaintiff's request to further amend its complaint should be denied following reasons:

*First*, it has been well over three months since the parties engaged in discovery based on the currently asserted patents - U.S. Patent Nos. 10,603,259, 10,646,419, and 11,219,582 (collectively, the "Current Patents"). Significant discovery has already been conducted, including the exchange of *over a thousand pages of documents*, and detailed non-infringement contentions from Defendants based on review of the discovery productions, pursuant to local patent rules. *See* non-infringement contentions report attached here to as **Exhibit 1**.

Introducing the U.S. Patent Nos. 11,826,444 and 11,826,445 (the "New Patents") would not only negate the time and effort expended by Defendants, but would also require substantial pleadings and a new round of discovery, all while Defendants' accounts remain under restraint.

1

**_Second_**, the New Patents were both issued on November 28, 2023, a few months before this action was initiated. Plaintiff had ample opportunity to include the New Patents at the outset or in its subsequent two amended complaints but chose not to until now. This strategic delay appears to be an attempt to shift the scope and focus of this litigation, likely due to weaknesses in the current claims, as evidenced by Defendants' detailed non-infringement contentions.

**_Third_**, if Plaintiff truly believes that Defendants infringed the Current Patents, then asserting the New Patents is unnecessary to establish Defendants' liability.

If Plaintiff believes that Defendants can _only_ be held liable under the New Patents, indicating that the new patent claims are distinct and independent from those previously asserted, the proper course of action would be to dismiss Defendants in the present case and file a separate lawsuit concerning the New Patents. This approach would prevent disruption of the current proceedings and allow for a focused adjudication of the new patent claims without prejudicing Defendants in this ongoing case.

**_Forth_**, Plaintiff's request would cause inconsistency in handling of defendants and claims. Plaintiff has already dismissed numerous defendants from this case. Introducing the new patent claims at this juncture, after numerous parties have been dismissed, would effectively create two disparate sets of litigation under one umbrella, confusing the issues and increasing the likelihood of inconsistent outcomes.

## LEGAL STANDARDS

Under Rule 15(a)(2), "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017) (citing *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

**ARGUMENTS**

**A. Defendants Would Be Unduly Prejudiced by Plaintiff's Third Amendment**

"The issue of undue delay generally arises when a plaintiff seeks leave to amend deep into the litigation." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) (citing *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773-74 (7th Cir. 1995) (affirming denial of leave to amend, as it would force the defendant "to incur new rounds of additional and costly discovery")); *see also Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992) (affirming district court's finding of undue prejudice to the defendant, because "clearly resolution of this case would have been delayed.").

    1. *Extensive Discovery Has Already Been Conducted, Defendants Would be Unduly Prejudiced by the Increased Litigation Costs and Delays*

This case has seen substantial adjudication, with over 60 defendants already either dismissed or defaulted [Dkt. No. 92], signaling deep progress in the litigation.

Furthermore, it has been over three months since the parties engaged in discovery according to the stipulated discovery schedule, as per Local Patent Rules. *See* Dkt. No. 103. During this time, over a thousand pages of documents and have been exchanged, and Defendants have provided detailed non-infringement contentions exceeding 40 pages. *See* Exhibit 1.

Allowing Plaintiff to amend its complaint to introduce new patent claims at this stage would necessitate reopening the pleadings and initiating new rounds of infringement analysis and discovery, alongside additional document production. This would not only delay the "clear resolution of the case" but also substantially increase the financial burdens on Defendants.

    2. *Current Financial Restraints on Defendants' Accounts Exacerbate the Prejudice*

Defendants' accounts remain restrained under the existing preliminary injunction. With Defendants' motion to vacate the preliminary injunction pending, introducing new claims would complicate the ongoing legal proceedings, and potentially extend the period during which

3

Defendants are without access to their funds, exacerbating the prejudice and financial hardship. This delay of resolving the preliminary injunction would further prejudice Defendants.

### B. Plaintiff Could Have Brought the New Patent at The Beginning of The Suit. The Strategic Delay Is Unduly Prejudicial and Justified

Unreasonably delayed in introducing claims that could have been brough at the beginning of the suit suggests "that the delay was strategic," and "could not be justified by newly discovered information." *Mulvania*, 850 F.3d at 855.

The New Patents, issued on November 28, 2023, were available months before this case was filed in February 2024. Plaintiff had ample opportunity to include the New Patents in its original complaint or its subsequent two amended complaints [Dkt. No. 17, 98] but opted not to until this juncture.

Plaintiff's rationale that the addition of the New Patents at this stage is due to an "ongoing investigation" directly contradicts its earlier assertion that the inclusion of the New Patents "does not change that aspect of the case." [Dkt. No.114, p. 4]. This earlier association suggests that the New Patents are substantially similar in scope with the Current Patents. However, If the New Patents substantially overlap in scope with the Current Patents, then there was no need for an "ongoing investigation" to include them at the onset of the litigation.

This strategic delay in introducing new patent claims is not only unjustified, but also serves to unduly prejudice Defendants by complicating the litigation, and potentially shifting the focus of this litigation.

### C. Plaintiff Concedes that the Addition of the New Patents Is Unnecessary under *Res Judicata*

Plaintiff asserts that "if leave to amend is not granted," Plaintiff's "claims for infringement of the '444 and '445 Patent (the New Patents) arising out of Defendants acts could be barred by *res judicata*." [[Dkt. No.114, p. 4].

4

This argument presumes that **1)** the Court will rule favorably for Defendants, finding no infringement of the Current Patents; and **2)** the new patent claims constitute the same "cause of action" as the current patent claims.

Following this reasoning, if the Court rules in favor of Plaintiff, then by virtue of *res judicata*, claims concerning the New Patents would not only be unbarred but also adjudicated in favor of Plaintiff. Thus, this amendment appears unnecessary aside from causing undue delay and prejudicing Defendants.

Conversely, if the new patent claims do not constitute the same "cause of action," then Plaintiff's claims for infringement of '444 and '445 Patent (the New Patents) are not barred by *res judicata*, as they are distinct and independent from those previously asserted. In this scenario, the amendment indicates an attempt to shift the scope and focus of this litigation. Accordingly, Plaintiff can file a separate lawsuit concerning the New Patents, or this Court could direct the Clerk to open a new case specifically for these new patent claims, as was done for the defendant GD-Whitening [Dkt. No. 95].

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that this Court deny Plaintiff's Motion for Leave to File Third Amended Complaint.

Respectfully submitted

Date: 10/04/2024

/s/ He Cheng

He Cheng | Attorney
Palmer Law Group, P.A.
5353 N. Federal Highway, Suite 402
Fort Lauderdale, FL 33065
www.palmerlawgroup.com
Tel: +1 (917) 525-1495
***Attorney for Defendants***

5