UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.1)
Eastern Division

CAO Group, Inc.
                                           Plaintiff,

v.                                           Case No.: 1:24−cv−01211

                                           Honorable Thomas M. Durkin

The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A, et al.
                                           Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, October 24, 2024:

      MINUTE entry before the Honorable Thomas M. Durkin: The Second Amended Complaint brings claims for infringement of Plaintiff's 259 Patent, 419 Patent, and 582 Patent. R. 98. Plaintiff now moves for leave to file a Third Amended Complaint to add claims for infringement of Plaintiff's 444 Patent and 445 Patent. R. 114. Defendants argue that leave to amend should be denied because the parties have already begun exchanging discovery. R. 117 at 3. But the parties have been engaged in discovery for just three months. R. 106. And leave to amend a complaint should "be freely given when justice so requires." Fed.R.Civ.P. 15(a). Defendants also argue that Plaintiff unreasonably delayed. R. 117 at 4. See Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004) (citations omitted) ("In the absence of any apparent or declared reasonsuch as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.the leave sought should, as the rules require, be freely given."). But as Plaintiffs explain: "Now, at the start of discovery, Plaintiff has been given the opportunity to further examine the [accused products]... and believe it would be appropriate to assert additional claims of patent litigation against [these products]." R. 120 at 5. Finally, Defendants argue that Plaintiffs should file a separate lawsuit concerning the 444 and 445 Patents. R. 117 at 5. But the 444 and 445 Patents involve the same family of patents, and the same accused products as identified in the prior complaints. R. 114 at 4. Allowing an amendment would serve judicial efficiency by allowing the parties to resolve issues related to all five patents in one suit. Plaintiff's motion for leave to file a Third Amended Complaint [114] is granted. Mailed notice. (ecw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.